# UNITED STATES DISTRICT COURT
for the

Eastern District of Tennessee

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. 3:11-CR-146 |
| Leroy Victor Brooks ) | |
| *Defendant* ) | |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of   ☐ a federal offense   ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed - that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4)or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

  ☐ an offense for which the maximum sentence is death or life imprisonment.

  ☐ an offense for which a maximum prison term of ten years or more is prescribed in _____.*

  ☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

  ☐ any felony that is not a crime of violence but involves:

    ☐ a minor victim

    ☐ the possession or use of a firearm or destructive device or any other dangerous weapon

    ☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the   ☐ date of conviction   ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1)   There is probable cause to believe that the defendant has committed an offense for which a maximum prison term of ten years or more is prescribed in  18 U.S.C. 2113(a)  .

---

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# UNITED STATES DISTRICT COURT
for the

Eastern District of Tennessee

under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

**Alternative Findings (B)**

X (1) There is a serious risk that the defendant will not appear.

X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II— Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes by   X  clear and convincing evidence   X  a preponderance of the evidence that

# UNITED STATES DISTRICT COURT
for the

Eastern District of Tennessee

The Court must weigh the factors found in 18 U.S.C. § 3142(g) when determining whether a defendant is detained or released pending trial.

In this case, the nature and circumstances of the offense argue in favor of the Defendant's detention. The Defendant is charged with bank robbery, which constitutes a crime of violence. 18 U.S.C. § 3142(g)(1).

The weight of the evidence of the Defendant's dangerousness also argues in favor of detention.[1] 18 U.S.C. § 3142(g)(2). The Defendant has a history of drug use and trafficking in illegal drugs, including a cocaine trafficking conviction from 2011. The Defendant also has two prior firearm convictions: one concealed carry violation in Georgia and one possession of a firearm with intent to go armed in Tennessee, both in 2007. The Court finds that the drug trafficking conviction from 2011 is sufficient evidence for the Defendant's dangerousness to weigh in favor of detention.

The Court considered the history and characteristics of the Defendant and finds that these considerations also argue in favor of detention. 18 U.S.C. § 3142(g)(3)(A). As to employment, family ties, financial resources, length of residence in the community, community ties, and record concerning appearances at court proceedings, the Court finds that these factors primarily go to whether a defendant is a risk of flight. While the Court finds that the Defendant's primary ties are to Knoxville, the Defendant also has family ties to New York. While the Defendant's family ties could arguably indicate that he would remain here, the Court finds that his actions in attempting to flee at the bus station on the day of his arrest indicate that family is not a sufficient tie to the community to keep him from fleeing. The Court finds that the Defendant has no employment or financial resources to keep him in Knoxville, and the Court finds that the Defendant's record with regard to Court appearances does not persuade either as to detention or release. As to criminal history, past conduct, and history of drug and alcohol abuse, the Court finds that all three weigh in favor of detention. As stated above, the Defendant has a criminal history, including a recent drug trafficking conviction. The Defendant also has a history of drug use. Additionally, the Defendant was out on bond awaiting sentencing on the drug trafficking conviction at the time of the commission of the instant offense, further weighing in favor of detention. 18 U.S.C. § 3142(g)(3)(B).

As to the final factor, the Court again finds that the Defendant's danger to the community weighs in favor of detention. 18 U.S.C. § 3142(g)(4). When weighing and considering all of the evidence of the Defendant's dangerousness together, including his prior firearm and drug trafficking convictions, the Court finds that the evidence and other information provided at the hearing established by clear and convincing evidence that the Defendant poses a serious risk of danger to the community or another person. Based on the Defendant's ties to New York and his actions at the bus station, together with the lack of evidence supporting a conclusion that he would not attempt to flee again if presented with the opportunity, the Court also finds by a preponderance of evidence that the Defendant poses a risk of flight.

I further find that no conditions of release, including the condition of electronic monitoring suggested by the Defendant, would reasonably assure the safety of another person or the community, or the Defendant's appearance at future proceedings. 18 U.S.C. § 3142(e). The Defendant shall be detained pending trial.

---

[1] See United States v. Stone, 608 F.3d 939, 948-49 (6th Cir. 2010).

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date: January 30, 2012

*Judge's Signature*

United States Magistrate Judge C. Clifford Shirley, Jr.

*Name and Title*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Page 4 of 4