IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-146 |
| | ) | |
| LEROY VICTOR BROOKS, | ) | (JORDAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This case is before the Court the Defendant's oral motion to continue. On April 3, 2012, the parties came before the Court for an arraignment on the Superseding Indictment. Assistant United States Attorney Kelly Ann Norris and Mabern Wall, an extern with the United States Attorney's Office, appeared on behalf of the Government. Attorney Paula Voss appeared on behalf of the Defendant, who was also present.

During the hearing, defense counsel made an oral motion to continue the trial in this matter, currently scheduled for May 7, 2012. Defense counsel stated that in light of the new and unrelated charges alleged in the Superseding Indictment, she requires additional time to investigate, obtain and review new discovery materials, determine whether to file any additional pretrial motions, and to prepare for trial. The Government had no objection to the requested continuance. The parties agreed to a new trial date of June 18, 2012.

The Court finds the motion to continue the May 7, 2012 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interests of the Defendant and the

public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The three-count Superseding Indictment [Doc. 24] charges the Defendant with two counts, a Hobbs Act robbery (Count One) and using, carrying, or brandishing a firearm in relation to a crime of violence (Count Two), in addition to the bank robbery count (Count Three) alleged in the initial Indictment [Doc. 9]. The Defendant initially appeared in this case on a Criminal Complaint [Doc. 1] on December 6, 2011, and he was arraigned on the initial Indictment on December 14, 2011. The Superseding Indictment was returned by the grand jury on March 20, 2012, and the Defendant was arraigned on the charges therein at the April 3, 2012 hearing. Based upon the new and separate counts in the Superseding Indictment and the representations of counsel at the hearing, the Court finds that counsel requires additional time to obtain discovery, investigate the case, and prepare for trial.

In light of the new charges, the Defendant also requested an extension of the deadline for filing pretrial motions, which expired on January 11, 2012. The Government had no objection to the setting of a new motion-filing deadline. Because the Court finds that the Defendant requires additional time to investigate and obtain discovery related to the new counts in the Superseding Indictment, the Court also finds that the Defendant requires additional time to determine what, if any, pretrial motions he would like to file related to the new charges, and to prepare those motions. The Government will need time to respond to any motions that are filed.

The Court notes that the Defendant may file pretrial motions which require this Court to issue a report and recommendation as to their disposition. At this time, the Court sets a new pretrial conference for May 10, 2012, at 1:30 p.m., and argument on any pending pretrial motions will be heard on that date. Following the motion hearing, the Court will need time, not to exceed thirty days, to file its order and in the case of a suppression or dispositive motion, to file a report and

recommendation. 18 U.S.C. §3161(h)(1)(H). Upon the filing of the report, the parties will need time to file any objections, and the District Court will need time to rule upon the motions in light of the report and any objections. The parties will then still need time to prepare for trial in light of the Court's rulings.

The Court finds that all of this cannot take place before the current trial date. In light of the amount of preparation remaining, the Court finds that the Defendant could not be ready for trial by May 7, 2012, or in less than two and one half months. Thus, the Court finds that the failure to grant a continuance would deprive counsel for the Defendant of the reasonable time necessary to prepare for trial despite the use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendant's oral motion to continue is **GRANTED**, and the trial of this matter is reset to **June 18, 2012**. The Court also finds that all of the time between the oral motion to continue on April 3, 2012, and the new trial date of June 18, 2012, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(6) & -(7)(A)-(B). The Court sets a new motion-filing deadline for motions related to the new counts in the Superseding Indictment for **April 24, 2012**, with responses due on or before **May 8, 2012**. A pretrial conference, during which any pending pretrial motions will be heard, will take place on **May 10, 2012, at 1:30 p.m.** That date shall also serve as the reciprocal discovery deadline. A new plea negotiation deadline is set for **May 29, 2012**. Finally, the Court instructs the parties that all motions *in limine* must be filed no later than **June 1, 2012**. Special requests for jury instructions shall be submitted to the District Court no later than **June 8, 2012**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendant's oral motion to continue is **GRANTED**;

(2) The trial of this matter is reset to commence on **June 18, 2012, at 9:00 a.m.**, before the Honorable R. Leon Jordan, United States District Judge;

(3) All time between the oral motion to continue on **April 3, 2012**, and the new trial date of **June 18, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) A motion-filing deadline for motions related to the new charges in the Superseding Indictment is set for **April 24, 2012**, with responses due on or before **May 8, 2012**;

(5) A pretrial conference will take place before the undersigned on **May 10, 2012, at 1:30 p.m.**;

(6) The reciprocal discovery deadline is set for **May 10, 2012**;

(7) A new plea negotiation deadline is set for **May 29, 2012**;

(8) Motions *in limine* must be filed on or before **June 1, 2012**; and

(9) Special requests for jury instructions must be submitted to the District Court by **June 8, 2012**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge